WALLACE, JUDGE:
This claim was filed by Nathan Haddad, Jr. against the respondents for pay allegedly due for unpaid accumulated compensatory time while an employee of the respondents. The claimant started work with the Department of Motor Vehicles in 1963. He was transferred to Information Systems Services Division (ISSD) of the Department of Finance and Administration in 1971. During most of his employment, his immediate supervisor was Fred Michael, Jr. Rachael Pendleberry, the secretary for Michael, gave- the claimant a slip of paper with her typed signature on it which stated that as of August 31, 1973, the claimant had accumulated 51714 hours of compensatory time. She testified that she kept her own records which were not official.
Employees of the respondent were called as witnesses by the claimant. The testimony of these witnesses established that *131 there was no record made of compensatory time. Fred Michael testified that during the time the claimant worked for the Department of Motor Vehicles, employees were allowed time off during slack periods to compensate for periods when they were required to work overtime. The claimant had the same right as other employees, and Michael testified that the claimant had taken time off under this program.
Civil Service was started in the fall of 1968, at which time compensatory time could not be accumulated in excess of 40 hours without written permission of the appointing authority. There was no evidence that written authority was given to accumulate compensatory time for the claimant.
Harold Casali, Director of ISSD, testified that he had no knowledge of claimant’s claim until 1976, just prior to his resignation to take other employment. He stated that for the past five years, the West Virginia Wage and Hour Law requirements had been met. Compensatory time was either taken within two weeks or the employee was paid overtime.
The claimant testified that 75 to 80 percent of the time claimed was accrued while he was employed by the Department of Motor Vehicles. The witness Michael testified that if there was accumulated compensatory time, 90 percent accrued prior to claimant’s transfer from the Department of Motor Vehicles in 1971. The evidence does not disclose the existence of any record which would justify an award by this Court. The only evidence of compensatory time is the slip of paper introduced as Claimant’s Exhibit No. 1 showing 57214 hours accrued time as of August 31, 1973. The secretary who prepared the slip stated that the information was not taken from any official records but was a continuation of work of prior secretaries. The claimant’s superiors testified that there were no records kept; that compensatory time was not transferable; and that time could not accumulate in excess of 40 hours without written permission.
The respondents, in addition to denying the claim, alleged that the claim was barred by the Statute of Limitations under the provisions of West Virginia Code Chapter 21, Article 5C, Section 8, which provides:
*132 “ (a) Any employer who pays an employee less than the applicable wage rate to which such employee is entitled ... by virtue of this article shall be liable to such employee for the unpaid wages; . . .
(d) In any such action the amount recoverable shall be limited to such unpaid wages as shall have been paid by the employer within two years next preceding the commencement of such action . . . .”
This claim v/as filed on January 5, 1977. Claimant’s Exhibit No. 1 purports to show 51714 hours accrued compensatory time as of August 31, 1973. There is no evidence of time claimed subsequent to this date. Therefore, the provisions of the statute are applicable to this claim.
For reasons herein set out, the Court disallows the claim of the claimant.
Claim disallowed.